IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAPITAL FACTORY MANAGEMENT, LLC, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § § | |
| ATX FACTORY LLC and VIJAY MEHRA, | § § | **JURY DEMANDED** |
| Defendants. | § § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION,
<u>UNFAIR COMPETITION, AND UNJUST ENRICHMENT</u>**

Plaintiff Capital Factory Management, LLC, appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is an action for unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for trademark dilution under the Texas Business and Commerce Code; and for trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

**PARTIES**

3. Plaintiff Capital Factory Management, LLC ("Capital Factory") is a Texas limited liability company with a principal place of business at 701 Brazos Street, Austin, Texas 78701.

4. Upon information and belief, Defendant atx FACTORY LLC is a Texas limited liability company with a principal place of business at 5323 Levander Loop, Austin, Texas 78702.

5. Upon information and belief, Defendant Vijay Mehra is the registered agent for, as well as a member and director of, atx FACTORY LLC. Defendant Mehra's address for service of process is 6303 McCallum Boulevard, Dallas, Texas 75252.

6. Defendants atx FACTORY LLC and Vijay Mehra are referred to collectively herein as "atx FACTORY."

## FACTS

### A. THE CAPITAL FACTORY TRADEMARK

7. Capital Factory is a coworking space and technology incubator located in the heart of Austin, Texas. Since its founding in 2009, Capital Factory has become the center of gravity for entrepreneurs in Austin.

8. In 2013, Capital Factory made news when former President Barack Obama toured its coworking space and met with the entrepreneurs, investors, and business mentors populating Capital Factory's offices. *See* **Exhibit A**.

9. Capital Factory has hosted thousands of events over the years, and over 90,000 entrepreneurs, programmers, and designers used its facilities for coworking, meetups, and classes in the last year alone.

10. Throughout this time, Capital Factory has continuously used the mark CAPITAL FACTORY in connection with its coworking, business incubator, and investment services. *See* **Exhibit B**. Capital Factory also owns the domain name austinfactory.com, which it uses to redirect consumers to capitalfactory.com, and frequently uses "atx" in connection with its services as a synonym for "capital" (e.g., "@atxStartupCrawl" and "@atxStartupWeek").

11. The CAPITAL FACTORY mark is inherently distinctive and serves to identify and indicate the source of Capital Factory's services to the consuming public.

12. As a result of its long use and promotion of the CAPITAL FACTORY mark, the mark has become distinctive to designate Capital Factory, to distinguish Capital Factory and its services from those of others, and to distinguish the source or origin of Capital Factory's services. As a result of these efforts by Capital Factory, the consuming public in Texas widely recognizes and associates the CAPITAL FACTORY mark with Capital Factory.

13. As a result of its long use and promotion of the CAPITAL FACTORY mark, Capital Factory has acquired valuable common law rights in the mark.

14. The CAPITAL FACTORY mark is famous pursuant to TEX. BUS. & COM. CODE § 16.103.

**B.   ATX FACTORY'S INFRINGING ACTIVITIES**

15. Seven years after Capital Factory opened its doors, atx FACTORY began offering identical services (coworking) in Austin using the nearly identical mark ATX FACTORY.

16. atx FACTORY emphasizes the "FACTORY" portion of its mark by displaying the word in capital letters. atx FACTORY also emphasizes the word "FACTORY" in its job postings (e.g., a posting seeking an employee "to be the face of the FACTORY brand"). *See* **Exhibit C**.

17. atx FACTORY's adoption of a nearly identical mark for identical services offered in the same city as Capital Factory's services was no accident. For instance, atx FACTORY tried to poach Capital Factory's employees before opening and, upon being told that its name could be an issue because "Capital Factory" and "ATX Factory . . . sound so similar," informed a Capital Factory employee that they "could see how [the names] would be confusing." *See* **Exhibit D**.

18. atx FACTORY has used the ATX FACTORY mark in commerce. atx FACTORY's use of the ATX FACTORY mark began long after Capital Factory developed rights in the CAPITAL FACTORY mark, and after Capital Factory's mark became famous.

19. atx FACTORY are not affiliated with or sponsored by Capital Factory and have not been authorized by Capital Factory to use the CAPITAL FACTORY mark or any confusingly similar marks.

20. Capital Factory notified atx FACTORY of its rights in the CAPITAL FACTORY mark, and made numerous attempts to resolve this dispute with atx FACTORY prior to filing this suit. Despite Capital Factory's attempts to resolve this matter amicably, atx FACTORY have refused to agree to settlement terms.

C. **EFFECT OF ATX FACTORY'S ACTIVITIES**

21. atx FACTORY'S unauthorized use of the ATX FACTORY mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of atx FACTORY with Capital Factory, or as to the origin, sponsorship, or approval of atx FACTORY's services by Capital Factory.

22. atx FACTORY's unauthorized use of the ATX FACTORY mark falsely designates the origin of their services, and falsely and misleadingly describes and represents facts with respect to atx FACTORY and their services.

23. atx FACTORY's unauthorized use of the ATX FACTORY mark enables atx FACTORY to trade on and receive the benefit of goodwill built up at great labor and expense by Capital Factory over many years, and to gain acceptance for their services not solely on their own merits, but on the reputation and goodwill of Capital Factory, its CAPITAL FACTORY mark, and its services.

24.     atx FACTORY's unauthorized use of the ATX FACTORY mark is likely to dilute the CAPITAL FACTORY mark.

25.     atx FACTORY's unauthorized use of the ATX FACTORY mark unjustly enriches atx FACTORY at Capital Factory's expense. atx FACTORY have been and continue to be unjustly enriched by obtaining a benefit from Capital Factory by taking undue advantage of Capital Factory and its goodwill. Specifically, atx FACTORY have taken undue advantage of Capital Factory by trading on and profiting from the goodwill in the CAPITAL FACTORY mark developed and owned by Capital Factory, resulting in atx FACTORY wrongfully obtaining a monetary and reputational benefit for their own business and services.

26.     atx FACTORY's unauthorized use of the ATX FACTORY mark removes from Capital Factory the ability to control the nature and quality of the services provided under the CAPITAL FACTORY mark, and places the valuable reputation and goodwill of Capital Factory in the hands of atx FACTORY, over whom Capital Factory has no control.

27.     Unless these acts of atx FACTORY are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Capital Factory and to the public for which there is no adequate remedy at law.

## COUNT I:  FEDERAL UNFAIR COMPETITION

28.     Capital Factory repeats the allegations above as if fully set forth herein.

29.     The acts of atx FACTORY complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30.     atx FACTORY's acts of unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

### COUNT II:  COMMON LAW TRADEMARK INFRINGEMENT

31. Capital Factory repeats the allegations above as if fully set forth herein.

32. The acts of atx FACTORY complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### COUNT III:  COMMON LAW UNFAIR COMPETITION

33. Capital Factory repeats the allegations above as if fully set forth herein.

34. The acts of atx FACTORY complained of herein constitute unfair competition in violation of the common law of the State of Texas.

### COUNT IV:  DILUTION UNDER TEXAS LAW

35. Capital Factory repeats the allegations above as if fully set forth herein.

36. The acts of atx FACTORY complained of herein constitute dilution by blurring and/or by tarnishment of Capital Factory's famous CAPITAL FACTORY mark in violation of Texas Business and Commerce Code § 16.103.

37. atx FACTORY willfully intended to trade on the recognition of Capital Factory's famous CAPITAL FACTORY mark and/or to harm the reputation of the mark.

### COUNT V:  UNJUST ENRICHMENT

38. Capital Factory repeats the allegations above as if fully set forth herein.

39. The acts of atx FACTORY complained of herein constitute unjust enrichment of atx FACTORY at the expense of Capital Factory.

### PRAYER FOR RELIEF

**WHEREFORE,** Capital Factory prays that:

(a) atx FACTORY, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and

restrained from using the ATX FACTORY mark, the CAPITAL FACTORY mark, and any other mark, name, or design confusingly similar to or likely to dilute those marks, names, or designs, and from any attempt to retain any part of the goodwill misappropriated from Capital Factory;

      (b)    atx FACTORY, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all signage, letterhead, promotional material, internet postings and advertisements, and any other materials bearing or using the ATX FACTORY mark, the CAPITAL FACTORY mark, and any other mark, name, or design confusingly similar to or likely to dilute those marks, names, or designs;

      (c)    atx FACTORY, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to transfer the domain name atxfactory.com to Capital Factory, along with any other domain names or social-media handles bearing or using the ATX FACTORY mark, the CAPITAL FACTORY mark, and any other mark, name, or design confusingly similar to or likely to dilute those marks, names, or designs;

      (d)    atx FACTORY be ordered to file with this Court and to serve upon Capital Factory, within thirty (30) days after the entry and service on atx FACTORY of an injunction, a report in writing and under oath setting forth in detail the manner and form in which atx FACTORY have complied with the injunction;

      (e)    Capital Factory recover all damages it has sustained as a result of atx FACTORY's activities, and that said damages be trebled;

      (f)    Capital Factory recover its reasonable attorneys' fees;

    (g)    Capital Factory recover its costs of this action and prejudgment and post-judgment interest; and

    (h)    Capital Factory recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Capital Factory demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

Dated:  August 16, 2017

*/s/ Jered E. Matthysse*
Jered E. Matthysse
Alexandra H. Bistline
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX  78701
(512) 322-5200
(512) 322-5201 (facsimile)

ATTORNEYS FOR PLAINTIFF